2018 IL App (2d) 170384
No. 2-17-0384
Opinion filed December 13, 2018

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| BOBBI BARBOZA FISHER, | ) | of Du Page County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | Nos. 13-D-1843 |
| | ) | 13-D-1836 |
| | ) | |
| BRYCE A. FISHER, | ) | Honorable |
| | ) | Robert E. Douglas, |
| Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices McLaren and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    Petitioner Bobbi Fisher appeals from the trial court's order granting respondent Bryce Fisher's motion to dismiss Bobbi's petition to modify child support. For the following reasons, we vacate the trial court's order and we remand this cause for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3    The record reflects that the parties were married on October 30, 2004. On April 16, 2015, a judgment of dissolution of marriage was entered, which incorporated a "Marriage Settlement Agreement" (MSA) between the parties. Two daughters were born during the marriage, M.F. and L.F., who were ages 10 and 8, respectively, when the judgment of dissolution

of marriage was entered. In the MSA, the parties set forth Bryce's child support obligation as follows:

"4.01. Child Support. Bryce currently earns a base salary of $250,000 from his employment at Bank of America ('B of A'), is eligible for an annual discretionary cash bonus from B of A, and receives disability income from the National Football League ('NFL') in the amount of $50,760. Bryce shall pay guideline child support to Bobbi in the amount of 28% of his net income up to $300,000 of Gross Annual Income. Bryce shall not be required to pay additional support on any income he receives in excess of $300,000 Gross Annual Income per year.

\*\*\*

Bryce shall pay child support to Bobbi in the amount of Four Thousand Four Hundred Twelve Dollars ($4,412) per month. Said amount represents twenty-eight percent of the net (as defined by 750 ILCS 5/505) of $300,000 of Gross Annual Income. The parties acknowledge and agree that the cap on child support set forth in this Paragraph is appropriate given Bryce's income level, the allocation of the children's expenses as set forth in this Agreement, the parties' current standard of living, and all other factors to be considered by the court in establishing a cap and deviating from the guideline support."

¶ 4    Regarding the modifiability of child support, the MSA provides, in pertinent part:

"4.04. Modifiability. The parties acknowledge that child support shall be modifiable and may be modified upon proper notice and petition by either party. Any modification shall be made by a court of competent jurisdiction taking into account all applicable statutory provisions."

¶ 5    The trial court did not use the words "child support" anywhere in the judgment of dissolution.  Instead, the judgment provided, in pertinent part:

"6. That the parties have entered into a Marital Settlement Agreement dated April 16, 2015 and a Custody Judgment Agreement dated December 19, 2014 concerning questions of maintenance, attorney fees, the respective rights of each party in and to the property, income or estate which either of them now owns or may thereafter acquire, including a division of all marital and non-marital property, and other matters, which Agreement has been presented to this Court for its consideration, and it is incorporated into this Judgment for Dissolution of Marriage by reference pursuant to 750 ILCS 5/502(d).

7. The Court has considered the economic circumstances of the parties and other relevant evidence and finds that the Agreement is fair and equitable, was freely and voluntarily entered into by the parties, is not unconscionable and is approved by this court."

¶ 6    In referring to the MSA later in the judgment, the trial court found the following:

"The Agreement herein contained is approved, confirmed, ratified and incorporated into this Judgment of Dissolution of Marriage by reference pursuant to 750 ILCS 5/502(d) to the same extent and with the same force and effect as though the provisions contained in the Agreement were set forth in this paragraph of this Judgment; and each and every provision of the Agreement is binding upon each of the parties, and each of the parties shall do and perform all the acts undertaken and carry out all the provisions contained in the Agreement which is made a part of this Judgment. Notwithstanding the adoption of the Agreement by the Court, the Agreement shall

continue to have independent legal significance outside the ambit of this Judgment and shall be subject to enforcement by either party as in the case of any other contract or agreement[.]"

¶ 7    In April 2016, Bobbi filed a petition to modify child support.  In her petition, Bobbi sought an increase in both child support and Bryce's contribution to their children's direct expenses.  Bobbi alleged four bases for an increase in child support and contribution: (1) the children were older, (2) the children's expenses had increased, (3) Bobbi's financial resources had decreased because she was involved in an automobile accident, and (4) upon information and belief, Bryce's income had increased.  In May 2016, Bryce filed a motion to dismiss Bobbi's petition.  In June 2016, an agreed order was entered whereby the parties agreed (1) to increase Bryce's contribution to the children's direct expenses from 50% to 60%, (2) to terminate Bryce's maintenance obligation to Bobbi effective December 31, 2016, and (3) to prohibit both parties from filing any pleadings through December 31, 2016.  Bryce's child support obligation remained unmodified.

¶ 8    In January 2017, Bobbi filed another petition to modify child support.  In her petition, Bobbi alleged the same four bases for an increase in child support that she alleged in her earlier petition.  Bobbi also argued that setting a cap on child support was against public policy in Illinois.  In February 2017, Bryce filed a motion to dismiss Bobbi's second petition.  In his motion, Bryce argued that Bobbi failed to allege a substantial change in circumstances that, if proven, would justify an increase in child support.  He also argued that Bobbi pleaded conclusions of law and not facts.  In Bobbi's response, she argued that, since the entry of the judgment of dissolution and the MSA, Bryce's self-reported income went from:

"$300,000 = $250,000 (base) + $50,000 disability payment from the NFL to earnings in 2016 of at least: $488,000 = $418,000 from his employer at B of A + $20,000 IRA withdrawal + $50,000 disability payment from the NFL + potential income from Ceannete Corp. Investments + potential income from AGM Portfolio II, LLC, Investment + Income from his NFL Player Annuity + etc."

¶ 9    Bobbi again argued that the cap on child support in the parties' MSA was contrary to public policy, particularly when section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) provided clear instructions on the guideline-deviation process. 750 ILCS 5/505(a) (West 2014). Bryce filed a reply to Bobbi's response and argued that only new evidence arising since the last petition to modify child support could be presented to the court and that, since Bobbi failed to allege a new substantial change in circumstances, her pleading was deficient.

¶ 10    In March 2017, the trial court held a hearing on Bryce's motion to dismiss. At the hearing, Bryce's counsel argued that Bobbi acknowledged that her latest petition was identical to her previous one, and that if her efforts were not quashed right now, Bobbi would continue to come into court every six months in an attempt to receive more support. Counsel said that Bobbi had requested an increase in child support only because her maintenance was ending and that she was using this petition as a guise for seeking more maintenance. Counsel also stated that the allegations in Bobbi's petition did not constitute a substantial change in circumstances.

¶ 11    With regard to the MSA's cap on child support, Bryce's counsel claimed that (1) the parties agreed to the cap, (2) the reasons for the deviation were set forth in the MSA, and (3) Bobbi had not cited a case that said that a cap on child support was against public policy.

¶ 12    The trial court and Bobbi's counsel then engaged in the following colloquy:

"THE COURT: Okay.

So now I got your response in which you say, well, the kids are older, six months older than the last time I looked at this, and expenses have increased, six months have gone by.

My question to you and what this really boils down to is the court—and if you answered this, maybe I can come up—but where I'm really having an issue is when I read the Marital Settlement Agreement, what you presented to me is Bryce—the Marital Settlement Agreement set child support at $300,000. It defined if Bryce got $250,000 from his employer plus additional funds and then $50,000 from the NFL, correct?

MR. MENDEZ [(BOBBI'S ATTORNEY)]: Correct.

THE COURT: Okay.

So at the time that Mrs. Fisher entered into that agreement, she was aware that Mr. Fisher was going to get additional funds over and above the 3—the $250,000 that he was getting from the bank at the time. And those were—we all know what that is. That's discretionary bonuses, commissions, whatever.

MR. MENDEZ: Correct.

THE COURT: How is it now that she's surprised that he's making $488,000, take $50,000 off that, so roughly 430?

She knew he was going to get bonuses. She agreed that's okay. I know you're going to get bonuses. I know you're going to get additional income. *I'm willing to set the child support at this amount.* I agree to it. I entered into a—I'm using my air quotes here, saying that for the record—but into a contract in the form of a Marital Settlement Agreement, which is binding upon everybody.

There's the question that you got to answer for me."  (Emphasis added.)

¶ 13    Bobbi's attorney replied that the law in Illinois is that child support is always modifiable. Therefore, he claimed that, whatever the parties agreed to when they entered into the MSA, Bobbi was bound only by what Bryce was earning at that time; she was not prevented from petitioning to modify Bryce's child support obligation in the future.  Counsel then said:

"Mrs.—notwithstanding the fact that the agreement in the case was that [Bobbi] was going to be bound by the $300,000, I think that was in error.  *And the court should never have entered that settlement agreement because there is case law that supports the position that the court still has the obligation to, one, make specific findings as to why there is a deviation, and, two, set forth what the amount would have been and what the current amount is that they're providing for at this point.*"  (Emphasis added.)

¶ 14    Counsel argued that Bobbi was not trying to modify Bryce's child support obligation because her maintenance had terminated.  Instead, she was trying to modify support because of Bryce's substantial increase in income.  The court asked counsel how the increase was a substantial change in circumstances if the parties acknowledged when they entered into the MSA that Bryce's income was going to increase.  Counsel answered that by Illinois law the court was not bound by parties' agreements relating to support, visitation, or custody of minors.  The court then stated:

"If there is no change in—now, if they had read, we're going to set this on Bryce's income at 28 percent, $300,000 base and $50,000 from the NFL, that's $350,000. And that was all it said.  And then today he's making $488,000 I'd say dog gone right that's a change in circumstances.  You set it on a base of $300,000.

But there was that little clause *that you guys put in there*, *not me, the parties,* that said, and additional income, which means that they contemplated that.

And while I can modify child support anytime, if the parties contemplated it and it happens, that's not a change in circumstances.

If they didn't contemplate it and it happens, that is a change in circumstances." (Emphasis added.)

¶ 15    The court thus found that there was no change in circumstances, because, in the MSA, the parties anticipated Bryce's income increasing in the future. Therefore, it granted Bryce's motion to dismiss Bobbi's petition. Bobbi filed a motion to reconsider, which the court denied after a hearing. Bobbi timely appealed.

¶ 16                                   II. ANALYSIS

¶ 17    On appeal, Bobbi contends that the trial court erred in finding that she failed to allege a substantial change in circumstances, and therefore in granting Bryce's motion to dismiss, for three reasons: (1) the trial court erred as a matter of law when it found that, since the parties anticipated that Bryce's income would increase in the future, any increase in his income could not constitute a substantial change in circumstances, (2) the trial court erred in finding that Bryce's income did not constitute a substantial change in circumstances when, according to Bobbi, the support cap applied only to Bryce's income when the judgment was entered, and (3) the trial court's enforcement of the support cap violates federal and state statutory law and public policy.

¶ 18    Within her third argument, Bobbi notes that this court, referring to section 505(a)(2) of the Act, has acknowledged that a trial court is statutorily required to protect children's right to support and must explain the evidentiary basis for any deviation from Illinois statutory

guidelines. *In re Marriage of Micheli*, 2014 IL App (2d) 121245, ¶ 24 n.1 (citing 750 ILCS 5/505(a)(2) (West 2012)). She also argues that a court is not bound by an agreement between the parties relating to the support, visitation, or custody of the children, citing *In re Marriage of Hightower*, 358 Ill. App. 3d 165 (2005).

¶ 19    In response, Bryce argues that the trial court properly granted his motion to dismiss because none of the bases asserted by Bobbi in her second petition constituted a substantial change in circumstances since the entry of the agreed order after Bobbi filed her first petition. Bryce acknowledges that there is Illinois case law holding that an increase in income, standing alone, may constitute a substantial change in circumstances, justifying a modification of child support. However, he claims that those cases are inapplicable because, here, the possibility that he would earn more than $300,000 was acknowledged and contemplated by the parties when they entered into the MSA.

¶ 20    Finally, Bryce contends that the trial court's order dismissing Bobbi's petition did not violate federal law, state law, or public policy. He argues that Bobbi does not cite any case holding that a cap on income for child support violates public policy. He acknowledges that Illinois law requires that a trial court make express findings justifying any deviation from statutory child support guidelines. However, he claims that, in the MSA, the parties acknowledged and agreed that the deviation was justified by factors such as Bryce's income level, the parties' current standard of living, and the allocation of the children's expenses. He then claims that the trial court reviewed and approved this deviation upon (1) the entry of the judgment and (2) the entry of the June 2016 agreed order. Finally, Bryce argues that, if caps on child support were unenforceable, percentage child support orders would often result in a

windfall to the obligee, and, in turn, the court's ability to set a percentage child support order as permitted under the Act would be obviated.

¶ 21    A motion to dismiss under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)) challenges the legal sufficiency of a complaint, based on facial defects of the complaint. *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 382 (2004). A trial court should grant a section 2-615 motion to dismiss only if "it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief." (Internal quotation marks omitted.) *Pilotto v. Urban Outfitters West, L.L.C.*, 2017 IL App (1st) 160844, ¶ 16. A court must accept as true "all well-pleaded facts and all reasonable inferences that may be drawn from those facts." (Internal quotation marks omitted.) *Johnson v. Filler*, 2018 IL App (2d) 170923, ¶ 15. This court reviews *de novo* a trial court's ruling on a motion to dismiss. *Bonhomme v. St. James*, 2012 IL 112393, ¶ 34.

¶ 22    Illinois law provides that the statutory guideline amount of child support for two children is 28% of the supporting party's net income. 750 ILCS 5/505(a)(1) (West 2014). That guideline

> "*shall* be applied in each case *unless the court finds* that a deviation from the guidelines is appropriate *after considering the best interest of the child in light of the evidence*, including, but not limited to, one or more of the following relevant factors:
>
>> (a) the financial resources and needs of the child;
>>
>> (b) the financial resources and needs of the custodial parent;
>>
>> (c) the standard of living the child would have enjoyed had the marriage not been dissolved;
>>
>> (d) the physical, mental, and emotional needs of the child;
>>
>> (d-5) the educational needs of the child; and

(e) the financial resources and needs of the non-custodial parent."

(Emphases added.)  *Id.* § 505(a)(2).

"*The court shall include the reason or reasons for the variance from the guidelines*."  (Emphasis added.)  *Id.*  "It is the court's responsibility and not the parties' to determine the adequacy and amount of child support."  *In re Paternity of Perry*, 260 Ill. App. 3d 374, 380 (1994) (citing *Blisset v. Blisset*, 144 Ill. App. 3d 1088, 1092 (1986)).  "Requiring courts to comply with section 505(a) before entering settlement agreements concerning child support is an assurance toward the end that the best interests of children will be protected."  *Id.*  If an agreed order allows for less child support than is provided for in the statutory guidelines, the trial court *must* make express findings for allowing the deviation.  *Id.*

¶ 23    A modification of child support may be allowed only upon a showing of a substantial change in circumstances.  750 ILCS 5/510(a) (West 2016).  A substantial change in circumstances justifying a modification increasing child support may be based solely upon an increase in the supporting parent's ability to pay.  *In re Marriage of Putzler*, 2013 IL App (2d) 120551, ¶ 29.  A trial court's ruling on a petition for a modification of child support will not be reversed absent an abuse of discretion.  *In re Marriage of Hill*, 2015 IL App (2d) 140345, ¶ 17.

¶ 24    The issue before us here is whether the trial court erred when it granted Bryce's motion to dismiss Bobbi's second petition to modify child support.  Therefore, our standard of review is *de novo*.  *Bonhomme*, 2012 IL 112393, ¶ 34.  With this standard of review in mind, we have carefully reviewed the judgment of dissolution, the MSA, Bobbi's petitions to modify child support, Bryce's responses thereto, and Bryce's motion to dismiss.  In doing so, we find that the Act was violated when the trial court that entered the judgment of dissolution[1] did so without

---

[1] It appears from the record that the trial judge who entered the judgment of dissolution

specifically stating the reasons for the variance from the statutory child support guidelines. As we have noted, the statutory guidelines

> "*shall* be applied in each case *unless the court finds* that a deviation from the guidelines is appropriate *after considering the best interest of the child in light of the evidence*, including, but not limited to, one or more of the following relevant factors:
>
> > (a) the financial resources and needs of the child;
> >
> > (b) the financial resources and needs of the custodial parent;
> >
> > (c) the standard of living the child would have enjoyed had the marriage
>
> not been dissolved;
>
> > (d) the physical, mental, and emotional needs of the child;
> >
> > (d-5) the educational needs of the child; and
> >
> > (e) the financial resources and needs of the non-custodial parent."
>
> (Emphases added.) 750 ILCS 5/505(a)(2) (West 2014).

¶ 25 Here, the judgment of dissolution does not even contain the words "child support," let alone provide specific reasons why the deviation from the statutory guidelines, by placing a cap on Bryce's income for child support purposes, was in the children's best interests. We reject Bryce's argument that, in the MSA, the parties acknowledged and agreed that the deviation was appropriate and listed factors in support of that decision. It is well settled that it is the *court's responsibility*, not the parties' responsibility, to determine the adequacy and amount of child support. *In re Paternity of Perry*, 260 Ill. App. 3d at 380 (citing *Blisset*, 144 Ill. App. 3d at 1092). Therefore, the fact that the parties agreed in the MSA that child support should be capped is irrelevant.

---

and incorporated the MSA into the judgment was not the trial judge in the instant case.

¶ 26    We also reject Bryce's claim that the trial court reviewed and approved the deviation upon the entry of the judgment of dissolution and again upon the entry of the June 2016 agreed order.  First, as we have noted, the judgment of dissolution does not even contain the words "child support," let alone provide any reasons why the cap on child support serves the best interests of the children in light of the evidence.  See 750 ILCS 5/505(a)(2) (West 2014).  The trial court's reference to the MSA in the judgment of dissolution—along with its findings that the MSA was (1) fair and equitable, (2) freely entered into by the parties, and (3) not unconscionable—falls very far short of the statutory requirement that a trial court list its reasons for deviating from the statutory child support guidelines.  Furthermore, even had the trial court made the required findings to deviate from the guidelines at the time of judgment, Bobbi still would not be precluded from petitioning to modify child support based on changed circumstances occurring thereafter.  See *In re Marriage of Rife*, 376 Ill. App. 3d 1050, 1064 (2007) (citing *Blisset v. Blisset*, 123 Ill. 2d 161, 167 (1988)) (parties may not contract away their rights to petition to modify child support, because the trial court is obligated to protect the best interests of the children involved).

¶ 27    In addition, the trial court did not approve the deviation upon the entry of the June 2016 agreed order.  That order simply approved the parties' agreement to modify other areas of the MSA, like the percentages the parties were required to pay of the children's expenses.  The agreed order did not modify the child support section of the MSA.  Moreover, even if the trial court *had* approved the deviation in its June  2016 order and provided reasons therefor, the wording of that order would not be sufficient to uphold the provision in the MSA that the parties agreed to a cap on child support.  Here, we are reviewing the original judgment of dissolution as well as the MSA to determine whether the trial court, *at the time the judgment was entered and*

*the MSA was incorporated into it*, provided sufficient reasons why a deviation from the statutory child support guidelines was appropriate section 505(a)(2) of the Act. 750 ILCS 5/505(a)(2) (West 2014).

¶ 28    Since we have found that the trial court that entered the judgment of dissolution did not comply with section 505(a)(2) of the Act, the section of the parties' MSA capping child support is not viable and is stricken. Therefore, we need not address the parties' remaining arguments for and against the trial court's order granting Bryce's motion to dismiss.

¶ 29                                    III. CONCLUSION

¶ 30    In sum, the trial court erred in granting Bryce's motion to dismiss Bobbi's second petition to modify child support when the trial court that presided over the parties' dissolution proceedings did not explicitly find a cap on child support to be in the children's best interests. The fact that the parties agreed to cap child support in the MSA was irrelevant for purposes of reviewing Bobbi's second petition to modify child support. Accordingly, the portion of the MSA that capped child support is stricken, the trial court's order granting Bryce's motion to dismiss is vacated, and this cause is remanded for further proceedings consistent with this opinion.

¶ 31    The judgment of the circuit court of Du Page County is vacated and the cause is remanded.

¶ 32    Vacated and remanded.