2022 IL App (1st) 200064-U
No. 1-20-0064

FIRST DIVISION
May 2, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| EWA AUGUSEWICZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2007 D 379058 |
| | ) | |
| MACIEJ DRAZKIEWICZ, | ) | Honorable |
| | ) | Renee G. Goldfarb, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Hyman and Justice Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We affirm the circuit court's denial of the respondent-appellant's motion to reconsider the circuit court's order modifying child support. Appellant has failed to show that the circuit court abused its discretion in determining the modified child support amount pursuant to Sections 505(a)(1.5) and 510(a)(2)(A) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/) (West 2019)), where the record does not reflect that the court erred in applying the law or that the court's decision-making in recalculating Appellant's child support obligations deprived him of his constitutional right to equal protection of law.

¶ 2   Respondent-Appellant Maciej Drazkiewicz appeals from the circuit court's denial of his

motion to reconsider his petition to modify child support. He argues that the circuit court's August

20, 2019 order ruling on a petition to modify the amount of his child support obligations reflects the court's failure to apply Section 505 (as amended) and Section 510(a)(2)(A) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/) (West 2020)). For the following reasons, we affirm the circuit court's denial of Appellant's motion to reconsider its August 20, 2019 order modifying child support.

¶ 3                                     BACKGROUND

¶ 4     This matter arises from a child support action regarding an individual child born to Petitioner-Appellee and Respondent-Appellant. Ewa Augusewicz filed a petition to establish parentage of her son, born October 14, 2005, against Appellant Maciej Drazkiewicz on July 3, 2007. Following a court-ordered paternity testing, Appellant was determined to be the natural father of Appellee's minor child by an order of the circuit court entered on December 27, 2007. Appellee and Appellant entered into a Parenting Agreement on September 23, 2008. On November 3, 2009, Appellant was ordered to pay child support in the amount of $5,000, based on a net income which the court determine to be $300,000 per year for the purposes of the order. The order indicates that this amount was a deviation from the amount required by statutory minimum guidelines, which would have been $6,855 per month. The reason given for the deviation was that the agreed-upon amount of $5,000 per month, plus payment of child care, sufficiently provided a reasonable level of support for the child.

¶ 5     The court ordered on October 19, 2011 that the 2009 temporary child support order would expire, and Appellant was to pay a modified child support amount of $4,000 per month beginning November 1, 2011. The order does not indicate whether the new amount was a deviation from the statutory minimum, but states that the factors under 750 ILCS 5/505 had been considered, including Appellant's representations of his past and present income.

¶ 6     The Illinois Department of Healthcare and Family Services, ex rel. Ewa Augusewicz, petitioned the court on June 27, 2018 to modify Appellant's monthly child support obligations due to the alleged substantial change in circumstances consisting of a significant decrease in Appellant's income, pursuant to 750 ILCS 5/510. The Department also filed a petition to intervene, on the basis that Appellee applied for and received Department services[1] pursuant to Title IV-D of the Social Security Act, 42 U.S.C.A. § 651, and the Department is required by statute to intervene in child support cases involving those who obtain the Department's services. Over Appellee's opposition, the court allowed the Department to intervene and entered an order modifying child support on August 20, 2019. This order reduced his monthly child support obligation going forward to $3,250.00. The order does not list Appellant's net income, but Appellant testified at a hearing before the court that his annual gross income in 2018 was $290,000, a reduction from his 2011 gross annual income of $350,000, at the time of the previous child support order that set his monthly child support obligation at $4,000. No other evidence was presented to support an argument of a substantial change in circumstances.

¶ 7     The record on appeal does not include a transcript of the court's proceedings on August 20, 2019, at which Appellee, Appellant, Appellant's counsel, and an Assistant State's Attorney are listed as being present. Appellant prepared a bystander's report, to which Appellee did not respond. The circuit court rejected Appellant's report, and instead prepared and certified its own pursuant to Ill. Sup. Ct. R. 323(c). According to the bystander's report, the circuit court found that the approximately 17% reduction in gross income did not amount to a substantial change in circumstances on its own. The record does not indicate whether the court made any other

---

[1] The Department represents in its response to Petitioner's opposition that the Department indicated in its Petition to Intervene that Appellant had applied for and received the Department's services. The petition actually states that Petitioner was receiving Department services. Regardless, the circuit court allowed the Department to intervene and modified the child support amount.

determination regarding which provision of which version of the Act it applied in making this modification. The August 20, 2019 order does not indicate a finding of Appellant's net income at the time of the order, or any other findings made by the court. It sets Appellant's child support obligation to $3,250 per month, with payments to begin on August 20, 2019.

¶ 8    Appellant filed a motion for reconsideration of the modification order on September 19, 2019, arguing that the court had presumably used an outdated version of the Act in arriving at the $3,250 per month figure, and that this was not the proper version to use when the petition to modify support was filed in 2018 and the court's modification order was entered in 2019, after the 2017 amendments to Section 505 of the Act had come into effect. The court denied Appellant's motion to reconsider for lack of sufficiency in an order entered on December 11, 2019. While there is no further information in the record explaining this lack of sufficiency, the bystander report states that the circuit court exercised its discretion to modify the amount of child support by applying the 20%-of-net-income standard that existed in the pre-2017 version of Section 505; the report further states that the court, after considering all of the circumstances presented, modified Appellant's child support obligation from $4,000 to $3,250 per month.

¶ 9    Appellant filed a notice of appeal on January 8, 2020, seeking appeal of both the denial of his motion to reconsider and the underlying modification order of August 20, 2019, claiming that he was denied his constitutional right to equal protection of law due to the circuit court's misapplication of the Act and seeking a recalculation of his monthly child support obligation, to be applied retroactively to the time of the modification. Appellee and intervening party the Illinois Department of Healthcare and Family Services failed to file a response or join in creating a certified bystander's report, and we took this case under consideration on the record and the appellant's brief only on June 1, 2020.

¶ 10                                  ANALYSIS

¶ 11    As an initial matter, the Notice of Appeal indicates that Appellant is seeking appeal of both the December 11, 2019 order denying his motion for reconsideration, as well as the August 20, 2019 order modifying child support. While the last order from which this appeal directly arose is the denial of reconsideration, we have jurisdiction to review the underlying modification order as well. *See Korogluyan v. Chicago Title & Trust Co.*, 213 Ill.App.3d 622, 627 (1st Dist. 1991) (The Appellate Court may properly review an underlying order where the appellant appeals from a motion to reconsider that order and the appellee has adequate notice of the implied request for appellate review of that underlying order.)

¶ 12    A motion to reconsider premised on the argument that the trial court misapplied existing law is reviewed *de novo*. *Horlacher v. Cohen*, 2017 IL App (1st) 162712, ¶ 80; *Belluomini v. Zaryczny*, 2014 IL App (1st) 122664, ¶ 20. Generally, a circuit court's ruling on a petition to modify child support will not be disturbed absent an abuse of discretion. *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009); *In re Marriage of Salvatore*, 2019 IL App (2d) 180425, ¶ 22. Accordingly, a court's decision to modify a party's child support obligation will be upheld unless the ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would agree with the court's ruling. *In re Marriage of Barboza Fisher*, 2018 IL App (2d) 170384, ¶ 23; *In re Marriage of Connelly*, 2020 IL App (3d) 180193, ¶ 13. Where, however, the issue raised on appeal involves the legal effect of a set of undisputed facts, the applicable standard of review is *de novo*. *Salvatore*, 2019 IL App (2d) 180425, ¶ 22.

¶ 13    The relevant provisions of the Illinois Marriage and Dissolution of Marriage Act ("Act"), Sections 505(a)(1.5) and 510(a)(2)(A), which were in effect on August 2019 when the circuit court issued its modification order read as follows:

¶ 14 § 505. Child support; contempt; penalties.

(a)(1.5) Computation of basic child support obligation. The court shall compute the basic child support obligation by taking the following steps:

(A) determine each parent's monthly net income;

(B) add the parents' monthly net incomes together to determine the combined monthly net income of the parents;

(C) select the corresponding appropriate amount from the schedule of basic child support obligations based on the parties' combined monthly net income and number of children of the parties; and

(D) calculate each parent's percentage share of the basic child support obligation.

750 ILCS 5/505(a)(1.5) (West 2019).

¶ 15 § 510. Modification and termination of provisions for maintenance, support, educational expenses, and property disposition.

(a) An order for child support may be modified as follows:

(1) upon a showing of a substantial change in circumstances; and

(2) without the necessity of showing a substantial change in circumstances, as follows:

(A) upon a showing of an inconsistency of at least 20%, but no less than $10 per month, between the amount of the existing order and the amount of child support that results from application of the guidelines specified in Section 505 of this Act unless the inconsistency is due to the fact that the amount of the existing order resulted from a deviation from the guideline amount and there has not been a change in the circumstances that resulted in that deviation; or
* * *

The provisions of subparagraph (a)(2)(A) shall apply only in cases in which a party is receiving child support enforcement services from the Department of Healthcare and Family Services under Article X of the Illinois Public Aid Code, and only when at least 36 months have elapsed since the order for child support was entered or last modified.

750 ILCS 5/510(a)(2)(A) (West 2019).

¶ 16     Prior to 2017, the Act's child support guidelines required a noncustodial parent to pay a set percentage of his or her income to the custodial parent. *See* 750 ILCS 5/505(a)(1) (West 2016). A version of this rule was in effect when the 2009 and 2011 child support orders were entered, and nothing in the record contradicts the supposition that the circuit court used the appropriate version of the Act available in 2009 and 2011.

¶ 17 In 2017, however, the Illinois legislature passed Public Act 99-764 (eff. July 1, 2017), which changed the child support guidelines to an "income shares" approach. *Connelly*, 2020 IL App (3d) 180193, ¶ 16. Under this approach, courts are required to compute child support obligations by "determining the parents' combined monthly net income and calculating each parent's percentage share of the basic child support obligation." (Emphases in original.) *Salvatore*, 2019 IL App (2d) 180425, ¶ 18 (citing Pub. Act 100-15 (eff. July 1, 2017) (adding 750 ILCS 5/505(a)(1.5))). The Act applies to proceedings commenced on or after its effective date, and therefore the version that was in effect at that time should have been the one utilized by the circuit court. 750 ILCS 5/801(a); *see also In re Marriage of Salvatore*, 2019 IL App (2d) 180425, ¶¶ 19-20.

¶ 18 Appellant argues that the circuit court must have used the version of the Act that existed prior to the amendments that came into effect on July 1, 2017, which changed the child support calculation from a percentage of the noncustodial parent's income to an income-shares calculation between the two parents.The record does not contain any explicit statement by the court laying out its rationale or decision-making process in issuing the August 2019 order. The court's modification order does not include a finding of Appellant's net income. The order denotes that the court held a hearing, which was attended by Appellee, Appellant, Appellant's counsel, and an Assistant State's Attorney representing the intervening Illinois Department of Healthcare and Family Services, and that the court ordered child support in the amount of $3,250 per month.

¶ 19 Appellant made the argument that the circuit court utilized an incorrect method of calculation in determining his new child support obligations in his motion for reconsideration of the court's modification order. The circuit court's order denying his motion to reconsider denied the motion simply for "lack of sufficiency," without further explanation of whether Appellant's

assumption was correct or false. The certified bystander report states that the circuit court "exercised its discretion in modifying the child support amount by applying the 20% of net income standard under the old statute.".

¶ 20    The bystander's report states that at the hearing on the modification order, Appellant provided the circuit court with evidence that his updated gross income was $290,000; there is no indication in the record that the circuit court found otherwise. Appellant does not present us with an explanation of how the circuit court's supposed utilization of the 20%-of-net-income calculation method, as opposed to some other process of determination, whether alone or in combination with the aforementioned method, would have resulted in a new, modified child support amount of $3,250. However, according to the bystander report, he also presented to the court that the child in question was no longer six, as he had been during the original support order, but a high-school-aged teenager, and the court found that the child's needs were presumed to have increased due to his older age and cost-of-living increases. Appellant asserts in the report that the circuit court exercised its discretion in considering the 20%-of-net-income statutory minimum guideline found in the pre-July-2017 version of the Act in responding to the Department's petition to modify child support. *See* Ill. Sup. Ct. R. 329 ("The record on appeal shall be taken as true and correct unless shown to be otherwise***") The circuit court also appears to have acted its discretion to find that the prior child support order should be modified to an amount that deviated from the minimum calculation guidelines, albeit the guidelines from a prior version of the Act.

¶ 21    The record does not indicate the court's reasoning; however, even taking it as true that the circuit court relied on an outdated version of Section 505, as stated in the bystander's report, we will not disturb the circuit court's judgment as long as there exists evidence in the record to support it, regardless of whether the court relied upon that evidence or whether its reasoning was correct.

*See Bank of America v. WS Management, Inc.*, 2015 IL App (1st) 132551, ¶ 84, *Alpha School Bus Co., Inc. v. Wagner*, 391 Ill.App.3d 722, 734 (1st Dist. 2009). The circuit court's findings in a child support modification order shall not be disturbed absent an abuse of discretion such that no reasonable person would find would take the trial court's view. *See In re Marriage of Moorthy and Arjuna*, 2015 IL App (1st) 132077, ¶ 41. The court's factual conclusions will not be disturbed unless they are against the manifest weight of the evidence. *Id*. Furthermore, "a trial judge is presumed to know the law, and this presumption is rebutted only when the record affirmatively shows the contrary." *People v. Taylor*, 344 Ill.App.3d 929, 937 (1st Dist. 2003).

¶ 22    The purpose of a bystander's report is to serve as a substitute for a verbatim transcript of court proceedings. *See* Ill. S. Ct. R. 323(c). A bystander's report must comply with Rule 323(c), (*Camper v. Burnside Construction Co.*, 2013 IL App (1st) 121589, ¶ 55) which states:

¶ 23    If no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection *** [T]he appellant shall, upon notice, present the proposed report or reports and any proposed amendments to the trial court for settlement and approval. The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings. Absent stipulation, only the report of proceedings so certified shall be included in the record on appeal.

Ill S. Ct. R. 323(c).

¶ 24    Additionally, a bystander's report may not be based solely upon the drafter's own interpretation of the evidence and memory of what happened during the proceedings, without the acknowledgment of the opposing party and certification by the circuit court. *Camper*, 2013 IL App (1st) 121589, ¶ 55. In the present matter, the circuit court rejected the bystander's report prepared by Appellant, and instead prepared and certified its own report. The report shall be considered as a true and accurate part of the record on appeal. *See* Ill. Sup. Ct. R. 323(c), 329; *Herhold v. Herhold*, 123 Ill.App.2d 329, 296 (1st Dist. 1970) (The trial court's certification of the record is

conclusive in the reviewing court.) As a bystander's report is not as extensive in recording what transpired before the court as a transcript, we need not apply a strictly literal reading of the report and assume that nothing beyond the language in the report was either stated in court or considered by the court in rendering its decisions. The circuit court judge is still afforded deference based on having been present at the relevant hearings and the direct experience of considering the evidence presented before her. *See Vanderhoof v. Berk*, 2015 IL App (1st) 132927, ¶ 111 (1st Dist. 2005) (Trial court's ruling on a motion for a new trial is reviewed with deference because the trial judge had the benefit of observing witness testimony); *see also U.S. Bank v. YMCA of Metropolitan Chicago*, 409 Ill.App.3d 548, 555 (Ill. 2008) (holding the same); *People v. Hope*, 168 Ill.2d 1, 31 (Ill. 1995) (trial judge's decision to excuse a potential juror is afforded discretion because the judge was best positioned to interpret their remarks); *Taylor*, 344 Ill.App.3d at 937 (trial judge is presumed to know the law, unless the record affirmatively shows the contrary). Nothing requires us to assume that the circuit court judge did not utilize her knowledge of the facts of the case and understanding of applicable law based on the contents of the bystander's report. Furthermore, Appellant cannot argue that the circuit court, rather than Appellant himself, bears the burden of showing that the circuit court erred in its application of the law. The lack of a more detailed record does not excuse Appellant from having to show on appeal some affirmative evidence of the court's abuse of discretion.

¶ 25    We therefore accept that the circuit court found that the decrease in Appellant's income, while insufficient to constitute a substantial change in circumstances pursuant to Section 510(a)(1) of the Act, warranted the court's decision to exercise its discretion in modifying the child support order in 2019. The court also considered the child's increased needs as he aged. However, we cannot accept Appellant's entirely unsupported assertion that the proper amount that the circuit

court should have set for the modified child support order was $1,529.93 per month. Firstly, the record does not include facts to support such a finding. Secondly, the circuit court is required to consider several factors pursuant to Section 505(a)(1.5), and we will not disturb its findings absent an abuse of discretion.

¶ 26    Even if the circuit court applied an out-of-date version of Section 505, it clearly did not apply the statutory minimum amount under that version's calculation method; therefore, it is reasonable to infer that it considered various factors relevant to the specific question of child support between Appellee and Appellant, for the care of their child. There is no indication that the court's analysis did not support a deviation from the statutory minimum, to an amount of child support above the minimum requirement under the appropriate version of the Act. Furthermore, there is no justification for setting child support at the statutory minimum using either version of the Act, or for finding that Appellant's proposed monthly amount of $1,529.93 would have been a more proper modification than $3,250.

¶ 27    The crux of Appellant's argument is that the circuit court failed to determine the correct statutory minimum support amount, and it further failed to modify child support to that amount. This assertion incorrectly presupposes that the court was required under the Act to set Appellant's modified child support obligation to the minimum required amount. Nothing in the record suggests that the court decided unreasonably in setting an amount of child support that was above that minimum. Under Section 505, the circuit court was authorized to order Appellant to pay an amount of child support that was reasonable and necessary for the support of his child. *See In re Marriage of Salvatore*, 2019 IL App (2d) 180425, ¶ 18. The bystander's report establishes that the court considered the rising costs of the child's needs. There is no question on appeal of whether the court appropriately weighed these circumstances or inaccurately determined the needs of the child.

¶ 28    As previously stated, we will not disturb the circuit court's decision even if there was any error in its reasoning, as long as the record supports its conclusion. Additionally, the judge is presumed to know the law unless it is proven otherwise. We see no evidence indicating that the modified child support amount of $3,250 per month was unreasonable, or that any error in calculating the statutory minimum had an impact on the circuit court's decision to deviate from the minimum at the specific amount it chose for the modification. We find only baseless speculation for the argument that the circuit court misapplied the law, rather than validly exercised its discretion in weighing Appellant's income with other relevant factors to arrive at an appropriate child support amount, as well as being aware of the latest changes in the law. Furthermore, the 2019 version of the Act does not prohibit the court from considering 20% of the supporting party's net income; it simply did away with using that figure as the statutory minimum guideline. Without any evidence in the record of the court's misapplication of law or abuse of discretion, we cannot determine that the circuit court erred in its ultimate decision, and that, and will afford the circuit court the presumption that the modification had a sufficient factual basis. *See In re Marriage of Gabriel and Shamoun*, 2020 IL App (1st) 182710, ¶ 63.

¶ 29    For the foregoing reasons, we find that the circuit court did not abuse its discretion in modifying Maciej Drazkiewicz's monthly child support obligation to $3,250 on August 20, 2019. The judgment of the Circuit Court of Cook County is affirmed.

¶ 30    Affirmed.